ORIGINAL



FILED

04/09/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0486

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## DA 22-0486

GILBERT R. JOHNSTON and JUDITH A. JOHNSTON;
STEPHEN R. GIBBS; SCOTT SHONE; DONALD S.
SMITH and BRENDA J. SMITH, individually and as
Trustees of the DONALD S. SMITH AND BRENDA J.
SMITH AB LIVING TRUST; RACHELLE AMBER
McCRACKEN; MICHAEL ALLEN McCRACKEN;
SEAN JUSTIN SMITH; GERALD B. WOODAHL and
SUSAN A. WOODAHL; JEFFREY M. HOLLENBACK;
JIM S. FERGUSON; ERIC W. SMART and
STEPHANIE NICOLE SMART; NANCY CORDIAL;
EDS INVESTMENTS, LLC, an Arizona limited liability
company; NEWS DEVELOPMENT, LLC, a Montana
limited liability company; and JCO PROPERTIES, LLC a
Montana limited liability company,

Plaintiffs and Appellants,

v.

FLYING S TITLE & ESCROW, INC. f/k/a FIRST
AMERICAN TITLE COMPANY,

Defendants and Appellees.

ORDER

FILED

APR - 9 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Gilbert and Judith Johnston *et al.* (collectively "Appellants") have filed a Petition for Rehearing of this Court's Opinion entered February 27, 2022. *See Johnston v. Flying S Title & Escrow, Inc.*, 2024 MT 39, 415 Mont. 332. Appellee Flying S Title & Escrow, Inc. (Flying S), has responded in opposition.

This Court "will consider a petition for rehearing presented only upon [a showing] [t]hat it overlooked some fact material to the decision; [t]hat it overlooked some question

presented by counsel that would have proven decisive to the case; or [t]hat its decision conflicts with a statute or controlling decision not addressed by the supreme court." M. R. App. P. 20(1)(a). "A petition for rehearing is not a forum in which to rehash arguments made in the briefs and considered by the Court." *State ex rel. Bullock v. Philip Morris, Inc.*, 217 P.3d 475, 486, 2009 Mont. LEXIS 443 (*citing* M. R. App. P. 20(1)(a)). Having reviewed the Petition, we conclude that Appellants have not demonstrated the existence any of the criteria, including an overlooked fact or a conflict with controlling authority, which would warrant rehearing. M. R. App. P. 20(1)(a)(i)-(iii).

Appellants contend this Court misapprehended the facts of the case when we stated that "Flying S . . . provided, as it agreed, title insurance for the transaction completed by Appellants to purchase the *lots*." Opinion, ¶ 22 (emphasis added). According to Appellants, no policy was ever issued for insurance on the lots, and thus, the Court erred in determining that Appellants had received title insurance for the lots. This reasoning is misguided, however, as the existence of title insurance for the lots is not dependent on whether Flying S delivered a physical policy for the lots. Rather, title insurance for the lots existed by virtue of the parties entering a contract for issuance of that insurance precisely as predicated in the Lot Commitments, and closing thereon. Further, this case did not involve a claim for title insurance of the lots, but for insurance of the parcels, which the Opinion concluded did not exist, and which Appellants do not challenge. Appellants' remaining arguments are predominantly efforts to relitigate arguments already resolved the Opinion and thus are unsuited for a rehearing. Therefore,

2

IT IS ORDERED that the Petition for Rehearing is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record.

DATED this 9th day of April, 2024.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

3